UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JONELLE SHEPHERD, YVETTE (GARCIA) VELEZ,
and SHAREMAH LAMOTTE, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

                Civ. No. 12-7220 (PAC) (RLE)

-against-

JOHN B. RHEA, as Chairman of the
New York City Housing Authority, and THE
NEW YORK CITY HOUSING AUTHORITY,

                DEFENDANTS' ANSWER TO THE COMPLAINT

                Defendants.
------------------------------------------------------------------x

    Defendants New York City Housing Authority ("NYCHA") and John B. Rhea, by their attorney, Kelly D. MacNeal, Acting General Counsel, New York City Housing Authority, Steven J. Rappaport, Of Counsel, as and for their answer to the Complaint ("Complaint"), respectfully allege as follows:

    1. Deny the allegations contained in paragraph 1 of the Complaint, except admit that plaintiffs are participants in the Section 8 Housing Choice Voucher Program, administered by NYCHA, and purport to proceed as stated therein, and request various forms of relief.

    2. Deny the allegations contained in paragraph 2 of the Complaint as an incomplete statement of the authorities cited therein; respectfully refer the Court to the authorities for their full and complete contents; and admit that plaintiffs requested Section 8 transfer vouchers.

    3. Deny the allegations contained in paragraphs 3, 4 and 5 of the Complaint.

    4. Admit the allegations contained in paragraph 6 of the Complaint.

5. Admit the allegations contained in paragraph 7 of the Complaint.

6. Admit the allegations contained in paragraph 8 of the Complaint.

7. Deny the allegations contained in paragraph 9 of the Complaint, except admit that John B. Rhea is the Chairman of NYCHA and has a principal place of business at 250 Broadway, New York, New York 10007 and NYCHA is a PHA which administers a substantial portion of the Section 8 Housing Choice Voucher Program ("Program") in the City of New York.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except admit that Jonelle Shepherd ("Shepherd") is a participant in the Program.

9. Admit the allegations contained in paragraph 11 of the Complaint.

10. Admit the allegations contained in paragraph 12 of the Complaint.

11. Deny the allegations contained in paragraph 13 of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

12. Deny the allegations contained in paragraphs 14 through 19 of the Complaint.

13. Deny the allegations contained in paragraphs 20 through 36 of the Complaint as an incomplete statement of the authorities cited therein and respectfully refer the Court to the authorities for their full and complete contents.

14. Deny the allegations contained in paragraph 37 of the Complaint, except admit that NYCHA is a PHA which administers a substantial portion of the Program in the City of New York and administers approximately 93,025 vouchers as of August 31, 2012.

15. Deny the allegations contained in paragraphs 38 through 41 of the Complaint, except

admit that NYCHA's Leased Housing Department ("LHD") maintains certain policies regarding the processing of emergency transfer vouchers and respectfully refer the Court to those policies for their full and complete contents.

16. Deny the allegations contained in paragraphs 42 through 49 of the Complaint as an incomplete statement of the authorities cited therein and respectfully refer the Court to the authorities for their full and complete contents.

17. Deny the allegations contained in paragraphs 50 through 67 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Shepherd's interactions with her landlord, her landlord's actions, or court proceedings with her landlord; and admit that, in July 2011, NYCHA received a transfer request from Shepherd based on the presence of housing quality standard violations; in March 2012, NYCHA received a transfer request citing a court holdover as the reason for transfer; NYCHA requested additional documentation from Shepherd; on May 10, 2012, Shepherd submitted some documents regarding the holdover proceeding; and Shepherd made various inquiries regarding the status of her transfer. Defendants affirmatively state that NYCHA approved the transfer request on October 1, 2012 and Shepherd was issued a transfer voucher on October 16, 2012.

18. Deny the allegations contained in paragraphs 68 through 76 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Yvette Garcia's ("Garcia's") interactions with her landlord, her landlord's actions, or court proceedings with her landlord; and admit that, in May 2012, Garcia submitted a transfer request, dated May 17, 2012, stating her apartment failed inspection; and by letter dated August 9, 2012,

NYCHA requested additional documentation of a court stipulation, notice of petition and 30-day eviction notice. Defendants affirmatively state that, by letter dated October 15, 2012, NYCHA requested additional documentation; through counsel, Garcia submitted documentation of a holdover eviction which included a stipulation that Garcia was to pay back use and occupancy of $1,929, as well as current use and occupancy; and, upon Garcia's submission of proof of such payment, NYCHA will approve the transfer request.

19. Deny the allegations contained in paragraphs 77 through 89 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Sharemah Lamotte's ("Lamotte's") interactions with her landlord, her landlord's actions, court proceedings with her landlord, or grandson's residency; and admit that, in June 2012, Lamotte submitted a transfer request, dated June 16, 2012, citing a court holdover as the reason for transfer and listing a grandson as part of her household; by letter dated July 5, 2012, NYCHA requested additional documentation from Lamotte, including documentation related to her change in family composition; and Lamotte submitted some of the documents requested in the July 5, 2012 letter but subsequently advised NYCHA that she did not want to add her grandson to her household. Defendants affirmatively state that NYCHA approved the transfer request on September 26, 2012; and Lamotte was issued a transfer voucher on October 16, 2012.

20. Deny the allegations contained in paragraphs 90 through 105 of the Complaint, except admit that transfer requests must be processed by NYCHA to ensure that the participant meets all requirements and respectfully refer the Court to the notices and legal authorities for their full and complete contents.

21. In response to paragraph 106 of the Complaint, repeat and reallege their answers to the allegations contained in paragraphs 1 through 105 of the Complaint.

22. Deny the allegations contained in paragraphs 107 through 110 of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

23. In response to paragraph 111 of the Complaint, repeat and reallege their answers to the allegations contained in paragraphs 1 through 110 of the Complaint.

24. Deny the allegations contained in paragraphs 112 through 114 of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

25. In response to paragraph 115 of the Complaint, repeat and reallege their answers to the allegations contained in paragraphs 1 through 114 of the Complaint.

26. Deny the allegations contained in paragraphs 116 through 119 of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

27. In response to paragraph 120 of the Complaint, repeat and reallege their answers to the allegations contained in paragraphs 1 through 119 of the Complaint.

28. Deny the allegations contained in paragraphs 121 through 123 of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

29. In response to paragraph 124 of the Complaint, repeat and reallege their answers to the allegations contained in paragraphs 1 through 123 of the Complaint.

30. Deny the allegations contained in paragraphs 125 through 126 of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

31. In response to paragraph 127 of the Complaint, repeat and reallege their answers to the

allegations contained in paragraphs 1 through 126 of the Complaint.

32. Deny the allegations contained in paragraphs 128 of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

33. In response to paragraph 129 of the Complaint, repeat and reallege their answers to the allegations contained in paragraphs 1 through 128 of the Complaint.

34. Deny the allegations contained in paragraphs 130 through 131 of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE

Plaintiffs lack standing to assert certain of their claims.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of mootness and/or ripeness.

## AS AND FOR A FIFTH DEFENSE

Any actions or omissions complained of by plaintiffs were taken for legitimate reasons.

## AS AND FOR A SIXTH DEFENSE

Defendants have not violated the rights of plaintiffs under any laws, including the Due Process Clause of the Fourteenth Amendment of the United States Constitution; the Supremacy Clause of the U.S. Constitution; the Housing Act of 1937; or implementing regulations.

### AS AND FOR A SEVENTH DEFENSE

Defendants' actions were reasonable in all respects and in accordance with applicable law.

### AS AND FOR AN EIGHTH DEFENSE

Punitive damages are not available against defendants.

### AS AND FOR A NINTH DEFENSE

The action should not be maintained as a class action.

**WHEREFORE**, defendants New York City Housing Authority and John B. Rhea request judgment dismissing the Complaint in its entirety together with such other relief as the Court deems just and proper.

Dated: New York, New York
October 18, 2012

                                KELLY D. MacNEAL
                                Acting General Counsel
                                New York City Housing Authority
                                Attorney for Defendants
                                250 Broadway, 9th Floor
                                New York, New York 10007
                                Tel. No.: (212) 776-5152
                                Fax. No.: (212) 776-5404

By: _____/s/ Steven J. Rappaport_____
      Steven J. Rappaport (SR7666)

TO: Paul A. Serritella, Esq.
Latham & Watkins LLP
885 Third Avenue
New York, New York 10022-4834

Steven R. Banks, Esq.
The Legal Aid Society
199 Water Street
New York, New York 10038